UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H. THOMAS MONROE and LENDEX, LTD., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CAUSE NO. 3:10-CV-2383-G |
| | § | |
| FRANKLIN FIRST FINANCIAL, LTD., | § | |
| | § | |
| Defendant. | § | |

## RESPONSE AND BRIEF OF PLAINTIFFS TO MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, MOTION TO DISMISS FOR IMPROPER VENUE AND PLAINTIFFS' APPLICATION FOR STAY PENDING ARBITRATION

**COME NOW** Plaintiffs, **H. THOMAS MONROE** ("Plaintiff Monroe") and **LENDEX, LTD.** ("Plaintiff LendEx") (collectively, Monroe and LendEx shall be referred to as the "Plaintiffs"), who file this their Response to the Motion of **FRANKLIN FIRST FINANCIAL, LTD.** ("Defendant") to Compel Arbitration or, in the Alternative, Motion to Dismiss for Improper Venue ("the Motion"), and Plaintiffs' associated Application for Stay Pending Arbitration and Brief in Support Thereof, and for response would show as follows:

### I. SUMMARY OF THE RESPONSE

This lawsuit was filed on October 22, 2010. It involves claims by Monroe for commissions not paid by Defendant under a Branch Manager Agreement (which contains an arbitration clause) and by LendEx, who was not a party to that agreement, for reimbursement of unpaid expenses incurred for Defendant. Plaintiffs had requested that Defendant initiate contractual arbitration, and only filed this suit when Defendant took no timely action to do so.

Since the filing of the Motion, which comes before any other motion practice, discovery or other proceedings in this case, Plaintiffs have offered to consent to arbitration, and to a stay of this

case pending arbitration; Defendant has declined all such proposals.

Under Fifth Circuit precedent, this Court has the discretion (if it is not required by federal law) to stay this proceeding pending arbitration, for which Plaintiffs hereby apply, and the existence of a pending action in which to enforce the arbitral award constitutes good cause to stay this case *in this court*. In the alternative, if venue is to be transferred, then the decision as to whether or not to stay or dismiss this proceeding should be left to the discretion of the New York federal court.

In addition, the agreement of the parties only places forum limitations on the place for arbitration and expressly permits a suit on the award to take place in any court with jurisdiction. As such, in honoring the expressed, contractual intentions of the parties, dismissal for improper venue is also unwarranted, and instead, this action should remain in Texas (subject to stay pending arbitration).

## II.   ARGUMENTS AND AUTHORITIES

### A.   *Stay Pending Arbitration is Required in this Case.*

1. The Federal Arbitration Act (9 U.S.C. §§1, *et seq.*) governs this Motion, as there is a written agreement to arbitrate at least a portion of this dispute (and, for purposes of this Response, Plaintiffs consent to arbitration of the entire dispute). Under 9 U.S.C. §3, the district court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." (Emphasis added) While some courts have (properly, Plaintiffs maintain) interpreted the mandatory language of §3 as *requiring* a stay instead of dismissal (*see, e.g., Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 268-270 (3d Cir. 2004), citing the "plain meaning" rule of statutory construction reaffirmed by the United States Supreme Court in *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 88 (2000)), courts in the Fifth Circuit have interpreted the "stay

requirement" as something like a minimum threshold, permitting the district court the discretion to dismiss where staying the action would serve no purpose. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999).

2.  In this case, the underlying lawsuit, if preserved, would serve the critical purpose of providing a forum in which a judgment on the award may be had. This is contemplated by *both* the express provisions of the FAA (*see* §9, providing that where the parties "have agreed that a judgment of the court shall be entered upon the award . . . any party to the arbitration may apply to the court so specified for an order confirming the award . . .") *and* the express provisions of the Branch Manager Agreement at Section 9.2, which states that " . . . judgment upon the award rendered by the arbitrator(s) may [sic] entered in any court having jurisdiction thereof." In contrast, the Branch Manager Agreement states nothing about dismissal of any suit filed prior to invocation of the arbitration clause. Indeed, it only provides that jury trial rights are waived.

3.  Thus, the dismissal of this action is both unnecessary and inherently contradictory to the requirements of applicable law and the governing agreement among the parties. Instead, the stay requested by Plaintiffs should be provided. In the alternative, the court to decide the disposition of this case if venue transfer is to take place should be the transferee court.

**B.**  ***Dismissal for Improper Venue is Unwarranted***

4.  As stated above, while the Branch Manager Agreement is very specific as to a proper forum for "[a]ny court or arbitration proceeding held in the state of New York" (Branch Manager Agreement, Section 9.4), *it imposes no such restrictions on venue for purposes of the enforcement of an arbitral award*. Indeed, as stated in Section 9.2, a judgment to enforce the arbitral award may be "entered in *any* court having jurisdiction thereof." (Emphasis added) Consistent with the strong public policy favoring the enforcement of the parties' contractual expectations, should the arbitration

result in an award for Plaintiffs, enforcement of that award in this case, in this court, would be well within the ambit of the parties' written covenants and agreements.

5. Alternatively, under 28 U.S.C. §1404(a), the decision as to whether or not to transfer venue is committed to the sound discretion of this Court, and even a forum selection clause does not mandate the transfer of an action where those criteria in §1404(a) are not met. *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29-31 (1988). Here, the issue of venue transfer becomes effectively moot, since Plaintiffs have consented to a stay for purposes of arbitration in Nassau County, New York in accordance with Section 9.2 of the Branch Manager Agreement. If not, however, for the reasons of judicial economy discussed in connection with the enforcement of the ultimate award, this Court should exercise its discretion to transfer rather than to dismiss.

**WHEREFORE**, Plaintiffs pray that the Motion be denied in whole or in part, save that the case be stayed on Plaintiffs' application, pending arbitration.

    Respectfully submitted,

    **THE CARTER LAW FIRM**
    **HOWARD F. CARTER, JR. PC**

    By:   */s/Howard F. "Sam" Carter, Jr.*
       HOWARD F. CARTER, JR.
       State Bar No. 03916500

    Centura Tower 1
    14185 Dallas Parkway - Suite 1275
    Dallas, Texas  75254
    Telephone:   972-455-2001
    Facsimile:    972-455-2015
    E-mail: scarter@carterlawfirm.com

STROMBERG STOCK

By: /s/*Mark Stromberg*
Mark Stromberg
State Bar No. 19408830

**Two Lincoln Centre**
**5420 LBJ Freeway, Suite 300**
**Dallas, Texas   75240**
**Telephone:** (972) 458-5353
**Facsimile:** (972) 770-2156
**E-mail:** mark@strombergstock.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 20th, 2010 a true and correct copy of the foregoing document was sent by first class United States mail, postage prepaid, to those persons identified below:

Mr. David M. Souders
WEINER BRODSKY SIDMAN KIDER, PC
1300 19th Street N.W., Fifth Floor
Washington, DC   20036

Mr. Troy W. Garris
2904 Corporate Circle, Suite 128
Flower Mound, TX   75028

_____
Mark Stromberg